**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
Lynchburg Division

| | |
|---|---|
| In re RICKIE D. WHARTON and SHELBY P. WHARTON,            Debtor, | ) Case No. 09-61741-LYN <br> ) <br> ) Chapter 13 <br> ) <br> ) |

**MEMORANDUM**

This matter comes before the Court on the Debtors' motion to reconsider the order of this court denying their motion to avoid the lien of Beneficial Discount Company of Virginia ("Beneficial") which order was entered on docket in the above styled case as docket no. 55.

*Facts*

On June 12, 2009, the Debtors filed the above-styled chapter 13 petition. They scheduled four pieces of real property: (1) 209 Berman Drive, Danville, Virginia, valued at $111,400.00 and securing a consensual lien in the amount of $120,110.00; (2) "Altice Drive, vacant lot" valued at $2,200.00; (3) "Berman Drive, vacant lot", valued at $9,000.00; and (4) a one-third interest in 2001 Mapleton Drive, Callands, Virginia, valued at $18,360.00. Callands is located in Pittsylvania County and not in the City of Danville. The first three properties ("the Danville Properties") are held by both Debtors as tenants by the entireties. The Callands property is held by Mrs. Wharton only. The Debtors did not claim the Callands property exempt.

Beneficial obtained a judgment pre-petition jointly against both Debtors and recorded that judgment on the docket of the General District Court for the City of Danville. The Debtors filed a motion to avoid the of lien of Beneficial.

The Court denied the motion with respect to the Danville properties because the

1

judgment was against both Debtors. The Debtors filed a motion for reconsideration on the grounds that the Callands property is located outside of the City of Danville.

*Discussion.*

The motion was originally brought under 11 U.S.C. § 522. Section 522(f)(1)(A) of the Bankruptcy Code provides:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
>   (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or

Section 522(f)(2)(A) provides the manner by which it is to be determined whether a lien impairs an exemption.

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–
>   (i) the lien;
>   (ii) all other liens on the property; and
>   (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Under Virginia law a creditor having a claim jointly against both spouses may reach property that is held by the debtors as tenants by the entireties. In bankruptcy, joint debtors may not exempt property from execution by a joint creditor even if that property is held as tenants by the entireties. The Fourth Circuit Court of Appeals held such in an appeal from a Virginia bankruptcy case.

> . . . It is fundamental that a creditor holding a judgment against two or more persons jointly and severally may execute against real property owned by those same persons

jointly, or held by them as tenants by the entirety. Vasilion v. Vasilion, 192 Va. 735, 66 S.E.2d 599 (1951); Martin v. Lewis, 187 N.C. 473, 122 S.E. 180 (1924), 35 A.L.R. 144; In Re Ford, 3 B.R. 559 (Md.1980).

Ragsdale v. Genesco, Inc. (In re Ragsdale), 674 F.2d 277, 279 (1982). The motion cannot be granted with respect to the Danville Properties because the exemption is based on the fact that the properties are held as tenants by the entireties and the judgment is against both Debtors.

The motion is not ripe to the extent that it concerns the Callands property because that property is not located in the City of Danville.

**ORDER**

For the above stated reasons, the motion for reconsideration of the order denying the Debtors' motion to avoid the lien of Beneficial Discount Company of Virginia shall be, and hereby is, denied.

So ORDERED.

Upon entry of this Memorandum and order, the Clerk shall forward a copy to the chapter 13 trustee, Stephen E. Dunn, Esq., and Beneficial Discount Company of Virginia.

Entered on this  20th  day of November, 2009.

_____
William E. Anderson
United States Bankruptcy Judge