**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | |
|---|---|
| In re RICKIE D. WHARTON and SHELBY P. WHARTON, <br><br> Debtor, | ) Case No. 09-61741-LYN <br> ) <br> ) Chapter 13 <br> ) <br> ) |

## MEMORANDUM AND ORDER

*Facts*

On June 12, 2009, the Debtors filed the above-styled chapter 13 petition. They scheduled three pieces of real property that were located in the City of Danville: (1) 209 Berman Drive, Danville, Virginia, valued at $111,400.00 and securing a consensual lien in the amount of $120,110.00; (2) "Altice Drive, vacant lot" valued at $2,200.00 securing no debts; and (3) "Berman Drive, vacant lot", valued at $9,000.00 securing no debts (collectively "the Real Properties"). (The last two properties are referred to herein as "the Vacant Lot Properties".) On Schedule A, the Debtors indicated that they held the three properties as tenants by the entirety. The Debtors also scheduled a fourth real property that was not located in the City of Danville.[1]

On July 24, 2009, Beneficial Discount Co. of Virginia filed a proof of claim, designated as claim #23 by the Clerk of the Bankruptcy Court, in the amount of $9,881.94. The proof of claim indicated that the claim was secured and was based on a judgment that Beneficial Discount Co. of Virginia obtained against both Debtors. Beneficial Discount Co. of Virginia recorded the judgment pre-petition with the Clerk of the Court for the Circuit Court for the City of Danville

---

[1] This fact is not relevant to the analysis.

1

thus creating a lien ("the Beneficial Lien") on the Real Properties.

On August 3, 2009, the Debtors filed a motion to avoid the lien of Beneficial Discount Co. of Virginia. On their original schedules, the Debtors did not claim the Real Properties exempt. This Court considered the motion in light of the fact that the Debtors held the Real Properties as tenants by the entirety. Because the Debtors were both liable on the claim of Beneficial Discount Co. of Virginia, this Court denied the motion. The Debtors appealed the order to the United States District Court.

On March 9, 2010, the United States District Court entered a order and memorandum opinion that reversed the order of this court denying the motion to avoid the Beneficial Lien. The memorandum directed this court to conduct further proceedings in accordance with the memorandum and order. The record is complete and it is appropriate for this Court to enter an order pursuant to the order of the United States District Court.

*Discussion*

On the same date that the Debtors filed their original motion to avoid the lien of Beneficial Discount Co. of Virginia, they filed an amended schedule A reducing the value of the Altice Drive vacant lot from $2,200.00 to $2,000.00 and reducing the value of Berman Drive vacant lot from $9,000.00 to $8,500.00. They also filed an amended schedule C, claiming the two vacant lot properties exempt in the total amount of $10,500.00 under Va. Code § 34-4. Amended Schedule A and C both still indicate that the tax assessed values of the Altice Drive vacant lot and the Berman Drive vacant lot are $2,200.00 and $9,000.00 respectively.

The motion is properly considered under 11 U.S.C. § 522(f)(1) and Va. Code § 34-4. Section 522(f)(1)(A) provides:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
> > (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); . . .

Virginia Code Section 34-4 provides that each householder may hold exempt from creditor process property not exceeding $5,000 in value or, if the householder is 65 years of age or older, not exceeding $10,000 in value, plus property not exceeding $500 in value for each dependent. The Debtors are entitled to exempts totaling $10,500.00

Section 522(f)(2)(A) provides the manner by which it is to be determined whether a lien impairs an exemption.

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–
> > (I) the lien;
> > (ii) all other liens on the property; and
> > (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> 
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The Debtors may avoid the Beneficial Lien on the 209 Berman Drive property under Section 522(f)(2)(A) because the lien exceeds the value of the property.

We turn now to the Vacant Lot Properties. In order to calculate the extent to which the liens on these properties may be avoided, it is necessary to ascertain the value of each property and the amount of the exemption on each property.

As noted, the Debtors filed an amended schedule A reducing the value of the Altice Drive vacant lot from $2,200.00 to $2,000.00. The assessed value, and the original scheduled amount, of the property is $2,200.00. The Debtors provide no basis for reducing the value of

the property in the schedules. Ambiguities in a debtor's schedules must be construed against the debtor. See In re Mohring, 142 B.R., 389 (Bankr. E.D.Cal. 1992). It appears that the only reason for the reduction is to permit the Debtors to avoid a greater portion of the Beneficial Lien. The Altice Drive vacant lot is valued at $2,200.00. The Debtors amended their Schedule C to exempt the Altice Drive vacant lot in the amount of $2,000.00. Under Section 522(f)(2)(A), the Debtors may avoid the Beneficial lien on the Altice Drive Vacant Lot to the extent of $2,000.00. The Debtors may avoid the Beneficial Lien on the Altice Drive vacant lot, except to the extent of $200.00 ( = $2,200.00 - 2,000.00).

The Debtors also amended schedule A to reduce the scheduled value of the Berman Drive vacant lot from $9,000.00 to $8,500.00. The assessed value, and the original scheduled amount, of the property is $9,000.00. Again, the Debtors provide no basis for reducing the value of this property in the schedules. For the reasons that apply to the valuation of the Altice Drive vacant lot, the Berman Drive vacant lot is valued at $9,000.00. The Debtors may avoid the Beneficial Lien on the Altice Drive vacant lot, except to the extent of $500.00 ( = $9,000.00 - $8,500.00).

The Debtors may avoid the Beneficial Discount Co. of Virginia's lien except to the extent of $700.00.

## ORDER

The lien of Beneficial Discount Co. of Virginia is void and shall be of no effect during the pendency of this case under chapter 13, except to the extent of $700.00. The claim of Beneficial Discount Co. of Virginia shall be allowed as a secured claim in the amount of $700.00 and shall be allowed as an unsecured claim in the amount of $9,181.94. The claim of Beneficial

4

Discount Co. of Virginia shall be treated accordingly under the Debtors' chapter 13 plan. The lien shall be void for all other purposes when and if the Debtors complete their performance as required by the confirmed chapter 13 plan.

The Debtors shall *not* file this order with the Clerk of the Court for the Circuit Court of the City of Danville *until* the Debtors have completed their performance as required under the chapter 13 plan and have received their order of discharge. Upon receipt of the order of discharge in this case, the Debtors may file a copy of the judgment with the Clerk of the Court for the Circuit Court of the City of Danville. The Debtors shall also, at that time, file a copy of their order of discharge with the Clerk of the Court for the Circuit Court of the City of Danville.

So ORDERED.

Upon entry of this Memorandum and Order the Clerk shall forward a copy to Stephen E. Dunn, Esq., counsel for the debtor, Beneficial Discount Co. of Virginia and the chapter 13 trustee.

Entered on this __26th__ day of March, 2010.

_____
William E. Anderson
United States Bankruptcy Judge